UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-172-10BO

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | ) | |
| | ) | **ORDER FOR SECOND** |
| v. | ) | **COMPETENCY EVALUATION** |
| | ) | |
| NATHUNE JAMERSON MYLES | ) | |

THIS MATTER is before the Court on Defendant's Motion for Reconsideration of the Issue of Competency to Proceed, concerning the competency of the defendant at the time of the alleged offense, and his mental competency to proceed at the present time. Defendant seeks an Order from the Court declaring that he is incompetent to proceed and committing him to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), or in the alternative, a second hearing on this matter. The Government does not concede that Defendant should be declared incompetent at this time, but agrees that a new forensic evaluation and treatment is warranted, pursuant to 18 U.S.C. § 4241(b).

FOR GOOD CAUSE SHOWN, the Court hereby ORDERS that the defendant be committed to the custody of the United States Attorney General for a period not to exceed forty-five (45) days for purposes of a psychological and/or psychiatric examination

-1-

and medical treatment at FMC Butner or such other suitable facility as may be designated by the Attorney General pursuant to 18 U.S.C. 4241(b) and 4247(b), or for such reasonable additional time as may be medically necessary. The examination and report shall include analysis of both defendant's mental competency currently (18 U.S.C. 4241) as well as at the time of the offense behavior alleged in the indictment against him (18 U.S.C. 4242). A report of the examination and conclusions shall be prepared and filed under seal with the Court pursuant to 18 U.S.C. 4247(c), with copies provided to counsel for defendant and counsel for the government.

Furthermore, the Court specifically directs that Defendant shall be re-evaluated regarding his prior diagnosis of a brain tumor (plaque meningioma), including a neurosurgery consultation and any follow-up surgery or other medical care as needed to resolve the issue, if medically appropriate.

The Court finds that the interests of justice served by conducting this second evaluation to determine and address defendant's competency issues outweigh the best interests of the public and defendant in a speedy trial, and therefore, any delay occasioned by this order is excluded from Speedy Trial Act

computations pursuant to 18 U.S.C. 3161(h)(1)(A).

SO ORDERED, this the 10 day of April, 2017.

                                                          HON. TERRENCE W. BOYLE
                                                          U.S. District Court Judge